UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM VAN WADE,

                Plaintiff,

    v.

ST. PAUL BOULEVARD FIRE DISTRICT, ED RILEY, JAY DEWITT, BILL DRYLAND, BARRY LAMENDOLA, ST. PAUL BOULEVARD FIRE DEPARTMENT, AND JAMES TURNER,

                Defendants.
_____

**DECISION AND ORDER**

6:21-CV-06218 EAW

## **INTRODUCTION**

Plaintiff William Van Wade ("Plaintiff") brings this action asserting violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and related state law claims, arising from events occurring on November 22, 2019. (Dkt. 14-1). Presently before the Court is a motion filed by defendants St. Paul Boulevard Fire District, St. Paul Boulevard Fire Department, Barry Lamendola ("Lamendola"), Jay DeWitt ("DeWitt"), Bill Dyrland ("Dryland"), Ed Riley ("Riley"), and James Turner ("Turner") (collectively "Defendants"), to dismiss the complaint for failure to state a claim and for insufficient service of process.

(Dkt. 9). Also before the Court are motions filed by Plaintiff to amend his complaint (Dkt. 14) and seal his response to Defendants' motion to dismiss (Dkt. 22).

For the reasons explained below, the motion to dismiss is granted, the motion to amend is denied, and the motion to seal is denied as moot.

## BACKGROUND

**I.   Factual Background**

The following facts are taken from the proposed amended complaint. (Dkt. 14-1). As required on a motion to dismiss, the Court treats Plaintiff's factual allegations as true.

At the time of the incidents alleged in Plaintiff's proposed amended complaint, Plaintiff resided at the Eagle's Landing apartment complex in Rochester, New York. (*Id.* at 6). On November 22, 2019, there was a report of a gas leak at Plaintiff's apartment. (*Id.*). Members of the St. Paul Boulevard Fire Department arrived at the scene and although there was no imminent danger, defendant Lamendola, a firefighter, entered Plaintiff's apartment. (*Id.*). Notwithstanding Plaintiff's request that Lamendola wear shoe coverings before entering, Lamendola crossed the threshold without protective boot coverings before Plaintiff had time to remove his items and protect his religious sacred space. (*Id.*).

Plaintiff tried to confront Lamendola and his supervisor, defendant DeWitt, about Lamendola's willful disregard of Plaintiff's instruction to wear shoe coverings in violation of Plaintiff's religious customs and resulting in damage to his property. (*Id.*). Lamendola and DeWitt humiliated Plaintiff in front of Eagle's Landing staff, the fire department crew members present, and other residents. (*Id.* at 6-7). The humiliation and embarrassment caused Plaintiff to seek therapy. (*Id.* at 7).

Thereafter, Plaintiff received a copy of the Fire Department's incident report from the November 19, 2019 gas leak. (*Id.*). Plaintiff alleges that important information was omitted from the report: specifically, the fact that Plaintiff complained of difficulty breathing and chest pains at the time of the incident, as well as the name of the individual who completed the report. (*Id.*). On December 5, 2019, Plaintiff sent a letter to the St. Paul Boulevard Fire District requesting that the incident report be corrected to include his chest pain complaints and to identify the individual who completed the report. (*Id.*). On January 22, 2020, defendant Dryland responded in an email that the information in the incident report was based on a 911 call. (*Id.*). Plaintiff alleges that upon investigation, he has discovered that the 911 call never existed, which when coupled with the lack of identifying information as to who completed the report, suggests to Plaintiff that the report is fraudulent. (*Id.*). Dryland told Plaintiff he would update the report with Plaintiff's comments but Plaintiff never received a copy of the updated report as he requested. (*Id.*). Plaintiff gave defendant Turner, defendant Riley, and Dyrland an opportunity to correct the report but all failed to do so. (*Id.*). Plaintiff filed a Freedom of Information Law ("FOIL") request with the intention of correcting the report but was informed that the District did not respond as mandated by FOIL. (*Id.*).

## II.     Procedural Background

Plaintiff commenced the instant action on March 1, 2021, in the Middle District of Tennessee. (Dkt. 1). On March 5, 2021, the case was transferred to this Court. (Dkt. 6). On May 17, 2021, Plaintiff amended his complaint. (Dkt. 8).

Presently before the Court is a motion to dismiss filed by Defendants. (Dkt. 9). On July 13, 2021, in addition to his opposition to the motion to dismiss (Dkt. 15), Plaintiff filed a motion to amend (Dkt. 14), with a proposed amended complaint (Dkt. 14-1). Defendants filed their reply and opposition to the motion to amend on July 28, 2021. (Dkt. 17). Plaintiff requested and was granted permission to file a response to Defendants' reply. (Dkt. 21). On September 17, 2021, Plaintiff filed a motion to seal his response to Defendants' motion to dismiss. (Dkt. 22). Defendants filed a response in opposition. (Dkt. 24).

## DISCUSSION

**I.     Legal Standards**

    **A.     Rule 12(b)(6)**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the [pleading], documents attached to the [pleading] as exhibits, and documents incorporated by reference in the [pleading]." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the [claimant]." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a [pleading] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [claimant]'s obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the [pleading]'s '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). While the Court is "obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must satisfy the plausibility standard set forth in *Iqbal* and *Twombly*, see *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally.").

**B. Motion to Amend**

"A district court has broad discretion in determining whether to grant leave to amend[.]" *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). "One appropriate basis for denying leave to amend is that the proposed amendment is futile," and a proposed amendment "is futile if the proposed claim could not

withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

In the instance where a plaintiff seeks to amend his complaint while a motion to dismiss is pending, "the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Pettaway v. Nat'l Recovery Sols.*, LLC, 955 F.3d 299, 303-04 (2d Cir. 2020); *Leo v. New York St. Dep't of Envir. Conserv.*, No. 20-CV-7039-FPG, 2022 WL 138538, at *4 (W.D.N.Y. Jan. 14, 2022) ("Here, the Court elects to consider the merits of the motion to dismiss in light of the proposed amended complaint. Because it concludes that neither the original complaint nor the [First Amended Complaint] could withstand a motion to dismiss, the Court grants the motions to dismiss and denies leave to file the [First Amended Complaint]."); *Willis v. Rochester Police Dep't*, No. 15-CV-6284-FPG, 2018 WL 4637378, at *2 (W.D.N.Y. Sept. 27, 2018) ("When—as in this case—a motion to amend is filed in response to a pending motion to dismiss, 'a court has a variety of ways in which' to proceed, 'from denying the motion [to dismiss] as moot to considering the merits of the motion [to dismiss] in light of the [proposed] amended complaint.'" (*quoting Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)).

## II.  No Viable Federal Claim Has Been Alleged

Rather than denying the motion to dismiss as moot, the Court opts to evaluate the merits of Defendants' motion to dismiss as applied to Plaintiff's proposed amended complaint. The Court concludes that this alternative makes particular sense where, as here,

the allegations in Plaintiff's proposed amended complaint (Dkt. 14-1) do not differ materially from the current operative pleading (Dkt. 8) or original complaint (Dkt. 1).

Plaintiff's claims appear to be asserted pursuant to 42 U.S.C. § 1983, which provides a cause of action against individuals who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution. "Personal involvement in the deprivation of a federal constitutional right is the *sine qua non* of liability under § 1983." *Rupp v. City of Buffalo*, No. 17-CV-1209S, 2021 WL 1169182, at *5 (W.D.N.Y. Mar. 29, 2021); *see also Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (a § 1983 plaintiff must establish "that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). "A defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority. Rather, the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (internal alterations, quotations, and citations omitted).

### A. First Claim

In his first claim, Plaintiff alleges that Defendants[1] violated his rights to religious freedom arising under the First Amendment. "The First Amendment to the United States Constitution provides, in relevant part: 'Congress shall make no law respecting an

---

[1] It is not wholly clear against which defendants Plaintiff is asserting his claims. Because the Court concludes that Plaintiff's claims fail on their substantive merits, it need not address whether Plaintiff has adequately alleged the personal involvement of each of the named defendants with respect to each claim.

establishment of religion, or prohibiting the free exercise thereof [. . .].'" *Shakur v. Elders*, No. 3:19-CV-1412 (VAB), 2021 WL 4711484, at *9 (D. Conn. Oct. 8, 2021) (quoting U.S. Const. amend. I.). "The dual mandate of these Establishment and Free Exercise Clauses extends to state and local governments through the Fourteenth Amendment." *Skoros v. City of New York*, 437 F.3d 1, 13 (2d Cir. 2006). "The Free Exercise Clause protect[s] religious observers against unequal treatment and laws that target religious individuals based on their religious status are subjected to strict scrutiny. However, not all burdens on religion are unconstitutional." *Ass'n of Jewish Camp Operators v. Cuomo*, 470 F. Supp. 3d 197, 217 (N.D.N.Y. 2020) (citations and quotations omitted). The Establishment Clause "prohibits the establishment of a national or state church" and it "has long been accepted that the Establishment Clause prohibits government from officially preferring one religious denomination over another." *Skoros* 437 F.3d at 16.

Here, Plaintiff seems to be alleging a free exercise claim. "To establish a free-exercise claim, [Plaintiff] must show that the government has placed a burden on the exercise of his religious beliefs or practices." *Diaz v. Allen*, No. 21-CV-00193-CMA-KMT, 2022 WL 252318, at *3 (D. Colo. Jan. 27, 2022) (*citing Fields v. City of Tulsa*, 753 F.3d 1000, 1009 (10th Cir. 2014)). "Only action that is coercive or compulsory in nature is sufficiently burdensome to support a Free Exercise claim." *Id.* at *3 (quotation and citation omitted); *see also McCarthy v. New York*, No. 21-CV-1169 (WFK)(LB), 2021 WL 1946332, at *3 (E.D.N.Y. May 13, 2021) ("[T]he right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes

(or proscribes)." (citation omitted)); *W.D. v. Rockland Cty.*, 521 F. Supp. 3d 358, 397 (S.D.N.Y. 2021) ("The Free Exercise Clause provides two major protections: freedom to believe and freedom to act in accordance with one's beliefs.  While the right to believe freely is 'absolute' — the government may not dictate what citizens think — the right to act is qualified by a duty to comply with the law.").

As a threshold matter, Plaintiff's amended complaint does not specifically identify his religion, the nature of his religious beliefs, or any information that connects the wearing of shoe coverings to those religious beliefs. *Of-Allodium v. Lantman's Mkt.*, No. 2:21-CV-17, 2021 WL 4312058, at *4 (D. Vt. Sept. 22, 2021) ("However, he does not specify what his religion is; that Defendant was aware of his religious beliefs; or that he was denied entry to Lantman's based upon his religion.  Plaintiff's conclusory claims of discrimination based on his religious beliefs are insufficient to state a plausible claim of religious discrimination."); *Barnett v. Westchester Cty.*, No. 18-CV-2483 (NSR), 2021 WL 4066639, at *5 (S.D.N.Y. Sept. 7, 2021) ("In the Amended Complaint, Plaintiff does not identify any religion that he purports to observe. . . . Accordingly, Defendants' motion to dismiss Plaintiff's free exercise claim is granted, and the claim is dismissed without prejudice."); *Jackson v. Boucaud*, No. 9:08-CV-1373TJM/DEP, 2009 WL 6066799, at *6 (N.D.N.Y. Dec. 31, 2009) (recommending dismissal of complaint where plaintiff did "not specify his religion or the religious beliefs that he claims were interfered with through defendants' conduct" and "merely states that the damages now sought are 'to compensate [him] for the blatant violation of the United States Constitutionally protected First Amendment guarantee to practice [his] religion.'"), *report and recommendation adopted*,

No. 9:08-CV-1373TJM/DEP, 2010 WL 933744 (N.D.N.Y. Mar. 15, 2010). Nor does Plaintiff plausibly allege that Defendants' actions of entering his apartment in response to a report of a gas leak were coercive or otherwise motivated in any part by Plaintiff's religious beliefs or practices. *King v. City of New York*, No. 20-CV-8283 (PAC), 2022 WL 138009, at *9 (S.D.N.Y. Jan. 14, 2022) (granting motion to dismiss where there was no "plausible inference that Defendants acted out of hostility against [plaintiff] *on the basis of his Christian faith*").

As a result, Plaintiff's conclusory allegations that his First Amendment rights were violated based on his religious beliefs fail to state a plausible claim and must be dismissed.

### B.     Second Claim

In his second claim, Plaintiff alleges that Defendants' failure to correct the alleged discrepancies in the incident report and provide him with a corrected report violates his rights to due process.

Although Plaintiff cites the Fifth and Fourteenth Amendment as the source of those rights, the claims he asserts are against purported state actors and thus, the Fifth Amendment is not implicated. *See Alexis v. Town of Cheektowaga,* No. 17-CV-985S, 2021 WL 5239900, at *9 (W.D.N.Y. Nov. 10, 2021) ("The Fifth Amendment Due Process Clause applies only to the federal government and not to the states or its municipalities."); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006) ("[Plaintiff's] due process claims are against state, not federal, actors, and thus the Fourteenth Amendment, rather than the Fifth Amendment, applies to these claims.") (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)). The Due Process Clause of the Fourteenth Amendment was

"intended to secure the individual from the arbitrary exercise of the powers of government . . . [and] serves to prevent governmental power from being used for purposes of oppression." *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (quotations and citations omitted). To succeed on a due process claim, a plaintiff must establish that "he or she possesses a constitutionally protected interest in life, liberty, or property, and that state action has deprived him or her of that interest." *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994).

Plaintiff has not alleged any facts that would give rise to him having a discernable protected property interest in the accuracy of the contents of the Fire Department's own incident report, nor does he have a property interest in obtaining what he deems to be a corrected version of the record via a FOIL request. *See Patrella v. Cty. of Suffolk*, No. 18-CV-3722(JS)(AKT), 2019 WL 6525650, at *5 (E.D.N.Y. Dec. 3, 2019) ("Plaintiff does not have a protected property interest in the requested FOIL documents."); *Lawrence v. Antonucci*, No. 04-CV-356S, 2005 WL 643457, at *3 (W.D.N.Y. Mar. 16, 2005) ("As several courts in this Circuit have held, a plaintiff has no property interest in obtaining FOIL documents." (quotation and citation omitted), *aff'd*, 144 F. App'x 193 (2d Cir. 2005).[2] Plaintiff's name does not appear anywhere in the record and he has not otherwise alleged any resulting deprivation to him arising from any purported omissions in the report.

---

[2] Moreover, even if Plaintiff had such a property interest in receipt of the FOIL documents, such claims would be addressed under New York law. *Blount v. Brown*, No. 10-CV-01548 (ARR), 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) ("In this case, even assuming *arguendo* that plaintiff had a protected property interest in the FOIL documents, his due process claim would still fail as a matter of law because he has not shown that the state post-deprivation process is inadequate. New York law provides a

In short, Plaintiff has not established that he possesses a constitutionally protected interest in life, liberty, or property that any state action has deprived him of, and therefore his due process claim is subject to dismissal. *Blount*, 2010 WL 1945858, at *2 ("Thus, without the property interest in the documents required for due process claims, the defendants' failure to provide the requested documents does not amount to a constitutional violation.").

Finally, the Court has considered whether Plaintiff should be afforded an additional opportunity to amend the federal claims he asserts in his complaint, in light of his *pro se* status. *See Styles v. Goord*, 198 F. App'x 36, 37 (2d Cir. 2006) ("[A] pro se plaintiff who brings a civil rights action should be 'fairly freely' afforded an opportunity to amend his complaint[.]" (citation omitted)). However, "an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend." *Diaz v. Henley*, No. 9:19-CV-1611GLSDJS, 2020 WL 1849454, at *2 (N.D.N.Y. Apr. 13, 2020). Here, Plaintiff already amended his complaint once as a matter of right and currently seeks leave to amend again but has not cured any of the substantive defects in the allegations. Under these circumstances, the Court does not find it appropriate to grant Plaintiff an additional opportunity to amend, and the Court dismisses Plaintiff's federal claims with prejudice.

---

remedy for the improper denial of a FOIL request."); *Schmiege v. New York*, No. 21-CV-418-LJV, 2021 WL 3492924, at *1 (W.D.N.Y. Aug. 9, 2021) ("If [Plaintiff] wishes to bring a claim for the denial of his FOIL requests, that claim is not cognizable in this section 1983 case. The appropriate vehicle for challenging denials of access to freedom of information requests is a state court Article 78 proceeding.").

### III.  The Court Declines to Exercise Supplemental Jurisdiction over the State Law Claims

Having concluded Plaintiff's federal claims are not viable, the Court considers whether it should exercise supplemental jurisdiction over state law claims that may be fairly read to be asserted in Plaintiff's amended complaint and concludes that it should not.[3]

Supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendant claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  The Court's exercise of this discretion is governed by 28 U.S.C. § 1367:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  Under § 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1)    the claim raises a novel or complex issue of State law,
>
> (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

---

[3]    Alternatively, Plaintiff does not appear to be asserting diversity jurisdiction as grounds to pursue his claims in this Court.  In his proposed amended complaint, in response to the question seeking the basis for federal court jurisdiction, Plaintiff states, "federal question and arises under federal law." (Dkt. 14-1 at 1).  Similarly, Plaintiff's civil cover sheet identifies only federal question as the basis for jurisdiction. (Dkt. 14-2).

> (3)　the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)　in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c). "[T]he discretion implicit in the word 'may' in subdivision (c) of § 1367 permits the district court to weigh and balance several factors . . . ." *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994). After dismissing all federal claims, the district court must "reassess its jurisdiction over the case by considering . . . judicial economy, convenience, fairness, and comity." *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004). "[D]ismissal of pendent state law claims under such circumstances is generally appropriate, as [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Ross v. Woods*, 412 F. App'x 392, 393 (2d Cir. 2011) (quotation and citation omitted).

In this case, the Court has dismissed all plausible federal claims. Upon consideration of all relevant factors, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Purgess*, 33 F.3d at 138 (quotation omitted); *see also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (where "federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"). The dismissal of

Plaintiff's state law claims is without prejudice. *See JetBlue Airways Corp. v. CopyTele Inc.*, 629 F. App'x 44, 45 (2d Cir. 2015) (dismissal for lack of subject matter jurisdiction must be without prejudice).

Finally, to the extent Defendants have advanced other grounds for dismissal, the Court need not reach those arguments because the Court has already determined, for the reasons previously discussed, that dismissal of Plaintiff's complaint for failure to state any viable federal claim is warranted.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted and Plaintiff's motion to amend is denied. Plaintiff's motion to seal is denied as moot. Plaintiff's federal claims are dismissed with prejudice, his state claims are dismissed without prejudice, and the Clerk of Court is directed to enter judgment in Defendants' favor and to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: February 16, 2022
        Rochester, New York